2. HUSBAND AND WIFE, § 222*—*when husband not guilty of desertion of wife so as to entitle her to separate maintenance.* Desertion of a wife by her husband, so as to entitle her to separate maintenance under Hurd's Rev. St. ch. 68, sec. 22 (J. & A. ¶ 6159), does not take place when husband, under the advice of a physician, leaves her for a period of rest, and he is impelled thereto by the conduct of the wife.

---

## Richard Devine by Mamie Lenihan, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 21,982.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN H. FORNOFF, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed March 7, 1916.

### Statement of the Case.

Action on the case by Richard Devine, a minor, by Mamie Lenihan, his next friend, plaintiff; against Chicago Railways Company, defendant, for injuries sustained when he was struck by defendant's car. From a verdict and judgment for $12,500 in favor of plaintiff, defendant appeals.

Plaintiff, aged seven years and seven months old, attended a school in Chicago located at the corner of Wells and Wendell streets. On December 26th, at about 11:30 o'clock in the morning he was dismissed from school and started to cross Wells street when he was struck by one of defendant's cars. Plaintiff alleged in his declaration the existence of an ordinance of Chicago which declared it unlawful to run a street car at a greater speed than five miles per hour while within 250 feet of a schoolhouse, between the hours of 11 a. m. and 1:45 p. m., of any day when school was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Devine v. Chicago Railways Co., 198 Ill. App. 188.

in session and that defendant in violating such ordinance caused the accident to plaintiff.

WEYMOUTH KIRKLAND and CHARLES LE ROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

ELMER & COHEN, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 78*—*when violation of speed ordinance not negligence per se.* The violation of an ordinance as to speed of a street car within a certain distance of a school building during a certain period of the day, resulting in injury to a child, is simply prima facie evidence of negligence from which the jury may infer negligence, and which may be rebutted by other evidence, and does not constitute negligence *per se.*

2. STREET RAILROADS, § 142*—*when instruction as to liability for negligence in operation of car in violation of ordinance erroneous.* In an action against a street railroad for injuries to a child which was attempting to cross the street, an instruction that if defendant violated the ordinance as to speed of street cars within a certain distance of school buildings during a specified period of the day and plaintiff was exercising due care defendant was liable, *held* erroneous.

3. DAMAGES, § 213*—*when instruction as to damages recoverable by child not erroneous.* In an action for damages for personal injuries to a child who was run over by a street car, an instruction limiting the amount of damages for loss of future earning capacity to the time after plaintiff shall have reached his majority, *held* correct.

4. STREET RAILROADS, § 147*—when *instruction referring to amount of damages alleged in declaration not misleading.* In an action for damages for personal injuries to a child which was run over by a street car, an instruction referring to the amount of damages claimed and alleged in the declaration *held* not misleading.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.